1  ELECTRONIC FRONTIER FOUNDATION
   FRED VON LOHMANN - #192657
2  454 Shotwell Street
   San Francisco, CA 94110
3  Telephone:    (415) 436-9333
   Facsimile:    (415) 436-9993
4  fred@eff.org

5  KEKER & VAN NEST LLP
   MATTHEW M. WERDEGAR - #200470
6  MICHAEL S. KWUN - #198945
   MELISSA J. MIKSCH - #249805
7  ABHISHEK BAJORIA - #255294
   710 Sansome Street
8  San Francisco, CA 94111-1704
   Telephone:    (415) 391-5400
9  Facsimile:    (415) 397-7188
   mwerdegar@kvn.com; mkwun@kvn.com;
10 mmiksch@kvn.com; abajoria@kvn.com

11 Attorneys for Plaintiff
   ODIOWORKS, LLC
12

13                  UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16

17 ODIOWORKS, LLC,                    Case No.

18                    Plaintiff,      **COMPLAINT FOR DECLARATORY
                                      JUDGMENT AND INJUNCTIVE RELIEF**
19      v.

20 APPLE INC.,                        **DEMAND FOR JURY TRIAL**

21                    Defendant.      Date:
                                      Time:
22                                    Dept:
                                      Judge:
23
                                      Date Comp. Filed:    April 27, 2009
24
                                      Trial Date:
25
                                      **MOTION AND PROPOSED ORDER TO FILE
26                                    UNDER SEAL EXHIBITS B, C, AND D FILED
                                      HEREWITH**
27

28

Plaintiff OdioWorks LLC ("OdioWorks"), by and through its attorneys, brings this action and alleges against Defendant Apple Inc. ("Apple") as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.      This is a declaratory judgment action to vindicate the free speech interests of Internet readers and publishers, as well as those like OdioWorks that operate public "wiki" platforms on the Internet.

2.      OdioWorks created, operates, and maintains the BluWiki website (http://www.BluWiki.com), which provides a noncommercial publishing platform open to the public for collaborative authoring and editing on any topic.

3.      One set of documents authored and posted by BluWiki users related to efforts to enable certain recent models of Apple's iPod and iPhone digital media players to interoperate with software other than Apple's own iTunes software.  In November 2008, counsel for Apple demanded that OdioWorks remove several of these documents (the "iTunesDB Pages"), threatening it with "legal liability" if it refused.  Ex. A.  Fearing legal action, OdioWorks complied.

4.      OdioWorks takes the First Amendment rights of BluWiki users seriously, believes that Apple's legal claims are baseless, and would like to restore the iTunesDB Pages.

5.      Accordingly, OdioWorks brings this action for declaratory and injunctive relief to clarify the rights of the parties and to refute Apple's baseless assertions of copyright infringement and violation of the anti-circumvention provisions of the Digital Millenium Copyright Act ("DMCA").

## PARTIES

6.      Plaintiff OdioWorks, LLC, is a Virginia limited liability company.

7.      On information and belief, Defendant Apple Inc., is a California corporation headquartered in Cupertino, California.

**JURISDICTION AND VENUE**

8. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

9. This court has personal jurisdiction over Defendant Apple because Apple conducts regular business from its headquarters in Cupertino, CA, and is a domiciliary of California.

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**INTRA-DISTRICT ASSIGNMENT**

11. This is an intellectual property case. Pursuant to Local Rule 3-2(c), it shall be assigned on a district-wide basis.

**FACTUAL ALLEGATIONS**

**BluWiki**

12. BluWiki.com is a website dedicated to enabling members of the public to "say something online"—that is, to provide a platform on which members of the public can collaboratively publish and edit content on the World Wide Web. BluWiki uses open-source, freely available, easy-to-use "wiki" software to make this possible.

13. BluWiki users can author and post information about any topic, without charge.

14. BluWiki users can also add, edit, and/or delete content at will on the BluWiki webpage(s) they create without any action by anyone else (including OdioWorks). BluWiki stores the webpages created by users on its servers.

15. BluWiki is, and at all relevant times has been, a noncommercial website that does not host advertisements or charge users for its service. OdioWorks maintains and operates the website as a public service in order to provide a forum for free expression—in essence, a free

digital "printing press."

16.     While OdioWorks solicits donations to fund BluWiki's continued operation, the donations received have never covered BluWiki's operation costs.

### The iTunesDB Pages

17.     On July 22, 2008, a BluWiki user created a webpage entitled "Ipodhash," formerly posted at <http://BluWiki.com/go/Ipodhash>. A non-public archived copy of the webpage as it appeared on November 14, 2008, is attached under seal as Exhibit B (filed under seal as a courtesy to Apple pending resolution of this dispute).

18.     On July 26, 2008, a BluWiki user created a webpage entitled "Itunes_obfuscation," formerly posted at <http://BluWiki.com/go/Itunes_obfuscation>. A non-public archived copy of the webpage as it appeared on November 14, 2008, is attached under seal as Exhibit C (filed under seal as a courtesy to Apple pending resolution of this dispute).

19.     On July 30, 2008, a BluWiki user created a webpage entitled "IPodHash_test_data_contribution," formerly posted at <http://BluWiki.com/go/IPodHash_test_data_contribution> (these three webpages are collectively referred to as the "iTunesDB Pages"). A non-public archived copy of the webpage as it appeared on November 14, 2008, is attached under seal as Exhibit D (filed under seal as a courtesy to Apple pending resolution of this dispute).

20.     Neither OdioWorks nor any of its agents, officers, or employees had any involvement in the development or authorship of the iTunesDB Pages.

21.     Until brought to their attention by Apple counsel on November 10, 2008, neither OdioWorks nor any of its agents, officers, or employees had any knowledge of the existence or contents of the iTunesDB Pages.

22.     The iTunesDB Pages appear to relate to an effort by hobbyists to reverse engineer certain aspects of recent models of iPod and iPhone digital media players in order to enable them

to interoperate with software other than Apple's own iTunes software.

23.    On information and belief, by design, every Apple iPod and iPhone digital media player includes a file known as the "iTunes DB" file, the purpose of which is to catalog the user's media files, including information such as artist names, album titles, song titles, and other metadata about the media files stored on the iPod or iPhone by its owner. The information contained in the iTunesDB file is stored "in the clear" (i.e., is not encrypted).

24.    On information and belief, when an iPod or iPhone owner fills her device with media files (e.g., music files, podcasts, video files, playlists) from her computer (a process known as "syncing"), Apple's iTunes media management software automatically writes to the iTunesDB file to reflect the media files on the device. In other words, the iTunesDB file is authored by the iPod or iPhone owner, with its content dictated by the media files that she decides to "sync" from her computer to her iPod or iPhone.

25.    On information and belief, the iPod or iPhone accesses the iTunesDB file in order to provide the device owner with convenient methods to access the media files stored on the device (e.g., permitting the user to access media files by artist name, playlist, or song title).

26.    In addition to Apple's iTunes software, there are many third-party media management software products, such as Songbird, Rockbox, Banshee, and Winamp, that can also write to the iTunesDB file in the course of "syncing" media files between a computer and an iPod or iPhone.

27.    On information and belief, since approximately September 2007, Apple has designed its iPod and iPhone products to check a hash value associated with the iTunesDB file. This hash value is generated automatically by Apple's iTunes software, and if it is absent or improperly calculated, the iPod or iPhone will react as though the iTunesDB file is empty, thereby making it impossible for the iPod or iPhone owner to play media files stored on her device.

28.     The introduction of the hash value check on iPods and iPhones released after September 2007 stymied the syncing functions of third-party media management software that were previously capable of syncing earlier iPods and iPhones.

29.     On information and belief, hobbyists successfully reverse engineered Apple's hash value generation mechanism on or about September 17, 2007, making it possible once again for iPod and iPhone owners to manage their media with whatever program they chose.

30.     On information and belief, in or around July 2008, Apple revised its hash value generation mechanism for new models of its iPhone and iPod Touch digital media players. Once again, this modification had the effect of making it impossible to use third party media management software to sync these new iPod and iPhone models.

31.     The iTunesDB Pages posted on BluWiki appear to be initial discussions and information intended to assist those interested in reverse engineering Apple's revised July 2008 hash generation mechanism to enable third party media management software to interoperate with new models of Apple's iPod and iPhone devices. The information posted included portions of computer code identified as "memcpy." Nothing on the iTunesDB Pages suggests that the authors had succeeded in their effort to reverse engineer the revised Apple hash generation mechanism.

### Apple's Threats and Demands for Removal

32.     On November 10, 2008, counsel for Apple sent an email to Sam Odio, the owner of OdioWorks, claiming that BluWiki was "disseminating information designed to circumvent Apple's FairPlay digital rights management system" and demanding that Mr. Odio take down the discussion on the "Ipodhash" webpage. Ex. A. Apple's attorney wrote in the email that "[t]he DMCA explicitly prohibits the dissemination of information that can be used to circumvent such technology." *Id.*

33.     Apple's counsel sent another email to Mr. Odio the following day, demanding

that he also take down the "Itunes_obfuscation" webpage "for the same reason." Ex. A. Apple's attorney threatened Mr. Odio that "[f]ailure to do so will result in legal liability" and demanded that he identify his lawyers, if he had any. *Id.*

34.     Apple's attorney then sent a third email to Mr. Odio on November 13, 2008, declaring that the iTunesDB Pages "violate the DMCA." Ex. A.

35.     On November 14, 2008, OdioWorks, fearing legal action by Apple, edited the iTunesDB Pages to replace the user-generated content with an explanation of Apple's demands, a statement regarding BluWiki's fear of being "sued out of existence," and a plea for legal counsel.

36.     Neither OdioWorks, nor anyone acting at the direction or on behalf of OdioWorks, posted any content on any of the iTunesDB Pages before posting this explanation.

37.     On December 3, 2008, counsel for OdioWorks contacted Apple's counsel by letter to dispute Apple's legal claims in particular and specific detail. Ex. E. OdioWorks' counsel told Apple's attorney that OdioWorks intended to restore the iTunesDB Pages in ten business days.

38.     Apple's counsel responded by letter dated December 17, 2008. Ex. F. In that letter, Apple claimed for the first time that the "memcpy" code displayed on the Itunes_obfuscation page "belongs to both the iTunesDB signing mechanism and the FairPlay [Digital Rights Management] system." Ex. F. Apple's attorney went on to outline specific theories of liability against Mr. Odio and OdioWorks for direct and indirect copyright infringement and violation of the DMCA's anti-circumvention provisions in connection with the iTunesDB Pages. *Id.*

39.     Apple further asserted in its December 17, 2008, letter that publication of "information that can be used to circumvent the FairPlay DRM is a violation of sections 1201(a)(2) and/or 1201(b) of the DMCA." *Id.*

40.     Apple further asserted there that "publication" of the "memcpy" code "constitutes direct copyright infringement by [OdioWorks] and…may also constitute contributory infringement [by] material[ly] assist[ing…] others who have copied or reproduced the code." *Id.* For that reason, Apple claimed, the reverse engineering exception to the DMCA's anti-circumvention provisions (17 U.S.C. § 1201(f)) does not apply.  *Id.*

41.     Finally, Apple demanded specifically that the iTunesDB Pages not be restored on BluWiki.  *Id.*

### FIRST CAUSE OF ACTION

### Declaratory Judgment – No Circumvention

### 17 U.S.C. § 1201

42.     OdioWorks incorporates by reference the allegations in each of the proceeding paragraphs as if fully set forth in this paragraph.

43.     A real and actual controversy of sufficient immediacy and reality to warrant declaratory relief exists between the parties as to whether the display of any of the information posted on the iTunesDB Pages violates the DMCA's anti-circumvention provisions.  Apple's conduct has forced OdioWorks to choose between risking legal liability or stifling the free expression BluWiki was created to promote.  The controversy between OdioWorks and Apple is thus real and substantial and demands specific relief through a decree of a conclusive character, namely, that OdioWorks may restore the iTunesDB Pages without legal liability.  The nature and extent of the adverse legal interests between the OdioWorks and Apple are apparent, and the controversy is definite and concrete.

44.     Neither the iTunesDB Pages nor any information posted on any of them constitutes a "technology, product, service, device, component, or part thereof" within the scope of 17 U.S.C. § 1201.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.

45.   On information and belief, neither the hash value associated with the iTunesDB file nor any other part of the iTunes software limits the ability of any program to read or write to the iTunesDB file, or otherwise controls access to or limits the exercise of rights in any works whatsoever.  Accordingly, neither the hash value nor its method of generation constitutes a technological measure within the meaning of 17 U.S.C. § 1201.

46.   iPod and iPhone users, not Apple, own whatever copyright may inhere in the iTunesDB files contained in their iPods and iPhones, and therefore are authorized to access and modify these files as they see fit.

47.   The information contained on the iTunesDB Pages has no nexus with any potential infringement of any copyrights that may inhere in the iTunesDB files contained on iPods and iPhones or any other copyright interest of Apple.

48.   On information and belief, the sole purpose of the iTunesDB Pages is to enable interoperability of current iPod and iPhone software with independently created media management programs.

49.   OdioWorks is entitled to a declaratory judgment that the publication of the iTunesDB Pages does not violate any of the DMCA's anti-circumvention provisions.

### SECOND CAUSE OF ACTION

**Declaratory Judgment – Non-Infringement**

**17 U.S.C. §§ 101 *et seq.***

50.   OdioWorks incorporates by reference the allegations in each of the proceeding paragraphs as if fully set forth in this paragraph.

51.   A real and actual controversy of sufficient immediacy and reality to warrant declaratory relief exists between the parties as to whether any of the information posted on the iTunesDB Pages infringes any copyright owned by Apple.  The nature and extent of the adverse

1  legal interests between OdioWorks and Apple are apparent, and the controversy is definite and

2  concrete.

3       52.    None of the information posted on the iTunesDB Pages infringes any of the

4  exclusive rights secured by the Copyright Act.

5       53.    The computer code posted on the iTunesDB Pages constitutes a small portion of

6  the iTunes software, relates to common functions used in virtually all computer code, and is not

7  original creative expression owned by Apple.  Its availability on the iTunesDB Pages has had no,

8  and could have no, effect on the market for the iTunes software.

9

10       54.    The information posted on the iTunesDB Pages is protected by the fair use

11  doctrine.

12       55.    The information posted on the iTunesDB Pages is protected by the *de minimis*

13  doctrine.

14       56.    OdioWorks is therefore entitled to a declaration that the material posted on the

15  iTunesDB Pages does not infringe any copyrights owned by Apple.

16  **PRAYER FOR RELIEF**

17      WHEREFORE, OdioWorks request this Court to enter judgment:

18      1.    Declaring that the iTunesDB Pages do not violate any of the DMCA's anti-

19  circumvention provisions;

20      2.    Declaring that the material posted on the iTunesDB Pages does not infringe any

21

22  copyrights held by Apple;

23      3.    Enjoining Apple, its agents, attorneys, and assigns from asserting copyright or

24  circumvention claims against OdioWorks in connection with the iTunesDB Pages;

25      4.    Awarding OdioWorks its reasonable attorneys' fees and costs; and

26      5.    Awarding any other relief the Court deems just and proper.

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.

1   Dated:                                    KEKER & VAN NEST LLP

2

3                                    By
4                                          MATTHEW M. WERDEGAR
                                           MICHAEL S. KWUN
5                                          MELISSA J. MIKSCH
                                           ABHISHEK BAJORIA
6                                          Attorneys for Plaintiff
                                           ODIOWORKS, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.

EXHIBIT "A"

Fred

# Ipodhash/Takedown

Return to Ipodhash main page.

[edit]

## Takedown notice from Ian Ramage

```
From:    IRamage - at - NNN.com
Subject:         RE: [URGENT] Illegal Dissemination of Circumvention Technology -- Immediate Action
Requested
Date:    November 13, 2008 1:50:54 PM EST
To:      sam - at - odioworks.com

Per our conversation, the three webpages that I have identified that
violate the DMCA are the following:
http://www.bluwiki.com/go/Itunes_obfuscation
http://bluwiki.com/go/Ipodhash
http://www.bluwiki.com/go/IPodHash_Test_Data_Contribution

If there are others related to circumventing Apple's FairPlay technology
and/or the iPod/iPhone anti-circumvention measures, those need to come
down as well.

I look forward to your prompt response.

Sincerely,
Ian Ramage

-----Original Message-----
From: Ramage, Ian
Sent: Tuesday, November 11, 2008 11:50 AM
To: 'sam - at - odio.com'
Cc: contact - at - odioworks.com
Subject: RE: [URGENT] Illegal Dissemination of Circumvention Technology
-- Immediate Action Requested
Importance: High

Mr. Odio:

You must disable the below page immediately, as well as
http://www.bluwiki.com/go/Itunes_obfuscation for the same reason.
Failure to do so will result in legal liability.  If you are represented
by counsel, please provide me with their identity.


-----Original Message-----
From: Ramage, Ian
Sent: Monday, November 10, 2008 3:02 PM
To: sam - at - odio.com
Subject: [URGENT] Illegal Dissemination of Circumvention Technology --
Immediate Action Requested
Importance: High

Sam Odio
```

14525 SW Millikan #39248
Beaverton, OR 97005-2343

Mr. Odio:

We represent Apple Inc. ("Apple"). It has come to our attention that a
website you operate, www.bluwiki.com, is disseminating information
designed to circumvent Apple's FairPlay digital rights management
system.  This information is available at
http://bluwiki.com/go/Ipodhash 🔗.

FairPlay is considered anti-circumvention technology under the Digital
Millennium Copyright Act.  The DMCA explicitly prohibits the
dissemination of information that can be used to circumvent such
technology.

Apple therefore requests that you immediately disable the thread at
http://bluwiki.com/go/Ipodhash 🔗.  Please notify me by reply e-mail once
you have done so, and feel free to contact me if you have any questions.

Sincerely,

/s/ Ian Ramage

Ian Ramage
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Phone: 415.984.NNNN
Fax: 415.984.NNNN
iramage - at - NNN.com

DMCA Certification: I hereby state, under penalty of perjury, that I
have a good faith belief that the activities identified above are not
authorized by Apple, that the information in this notification is
accurate, and that I am authorized to act on behalf of Apple in this
regard.

EXHIBIT "B"

1   ELECTRONIC FRONTIER FOUNDATION
    FRED VON LOHMANN - #192657
2   454 Shotwell Street
    San Francisco, CA 94110
3   Telephone:    (415) 436-9333
    Facsimile:    (415) 436-9993
4   fred@eff.org

5   KEKER & VAN NEST LLP
    MATTHEW M. WERDEGAR - #200470
6   MICHAEL S. KWUN - #198945
    MELISSA J. MIKSCH - #249805
7   ABHISHEK BAJORIA - #255294
    710 Sansome Street
8   San Francisco, CA 94111-1704
    Telephone:    (415) 391-5400
9   Facsimile:    (415) 397-7188
    mwerdegar@kvn.com;mkwun@kvn.com;
10  mmiksch@kvn.com; abajoria@kvn.com

11  Attorneys for Plaintiff
    ODIOWORKS, LLC
12

13

14                  UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17  ODIOWORKS, LLC,                    Case No.

18                     Plaintiff,      COMPLAINT FOR DECLARATORY
                                       JUDGMENT AND INJUNCTIVE RELIEF
19       v.

20  APPLE INC.,                        DEMAND FOR JURY TRIAL

21                     Defendant.      Date:
                                       Time:
22                                     Dept:
                                       Judge:
23
                                       Date Comp. Filed:   April 27, 2009
24
                                       Trial Date:
25

**CV 09    1818**

**JCS**

RECEIVED

APR 27 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

26   # Exhibit B
27   # Filed Conditionally Under Seal
28

EXHIBIT "C"

1  ELECTRONIC FRONTIER FOUNDATION
   FRED VON LOHMANN - #192657
2  454 Shotwell Street
   San Francisco, CA 94110
3  Telephone:  (415) 436-9333
   Facsimile:  (415) 436-9993
4  fred@eff.org

5  KEKER & VAN NEST LLP
   MATTHEW M. WERDEGAR - #200470
6  MICHAEL S. KWUN - #198945
   MELISSA J. MIKSCH - #249805
7  ABHISHEK BAJORIA - #255294
   710 Sansome Street
8  San Francisco, CA 94111-1704
   Telephone:  (415) 391-5400
9  Facsimile:  (415) 397-7188
   mwerdegar@kvn.com;mkwun@kvn.com;
10 mmiksch@kvn.com; abajoria@kvn.com

11 Attorneys for Plaintiff
   ODIOWORKS, LLC

12

**RECEIVED**

APR 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**JCS**

13

14         UNITED STATES DISTRICT COURT

15         NORTHERN DISTRICT OF CALIFORNIA

16                                            CV 09        1818

17 ODIOWORKS, LLC,
                                    Case No.
18                      Plaintiff,   **COMPLAINT FOR DECLARATORY
                                     JUDGMENT AND INJUNCTIVE RELIEF**
19      v.

   APPLE INC.,                       **DEMAND FOR JURY TRIAL**
20
                       Defendant.
21                                   Date:
                                     Time:
22                                   Dept:
                                     Judge:
23
                                     Date Comp. Filed:  April 27, 2009
24
                                     Trial Date:
25

# Exhibit C
# Filed Conditionally Under Seal
26

27

28

EXHIBIT "D"

1  ELECTRONIC FRONTIER FOUNDATION
   FRED VON LOHMANN - #192657
2  454 Shotwell Street
   San Francisco, CA  94110
3  Telephone:    (415) 436-9333
   Facsimile:    (415) 436-9993
4  fred@eff.org

5  KEKER & VAN NEST LLP
   MATTHEW M. WERDEGAR - #200470
6  MICHAEL S. KWUN - #198945
   MELISSA J. MIKSCH - #249805
7  ABHISHEK BAJORIA - #255294
   710 Sansome Street
8  San Francisco, CA  94111-1704
   Telephone:    (415) 391-5400
9  Facsimile:    (415) 397-7188
   mwerdegar@kvn.com;mkwun@kvn.com;
10 mmiksch@kvn.com; abajoria@kvn.com

11 Attorneys for Plaintiff
   ODIOWORKS, LLC
12

RECEIVED

APR 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

13              UNITED STATES DISTRICT COURT          **JCS**

14            NORTHERN DISTRICT OF CALIFORNIA

15

16                        **CV 09          1818**

   ODIOWORKS, LLC,              Case No.
17
                   Plaintiff,   **COMPLAINT FOR DECLARATORY**
18                              **JUDGMENT AND INJUNCTIVE RELIEF**

19      v.
                               **DEMAND FOR JURY TRIAL**
   APPLE INC.,
20
                   Defendant.   Date:
21                              Time:
                               Dept:
22                              Judge:

23                              Date Comp. Filed:    April 27, 2009

24                              Trial Date:

25

26              # Exhibit D

27     # Filed Conditionally Under Seal

28

EXHIBIT "E"



**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

December 3, 2008

Ian Ramage
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
BY FAX & EMAIL

Dear Mr. Ramage,

I represent Mr. Sam Odio and Bluwiki. I write to respond to your allegations (made in emails to Mr. Odio on November 10 and 13, 2008) that certain materials posted at bluwiki.com constitute "information designed to circumvent Apple's FairPlay digital rights management system" and that the dissemination of the information violates the Digital Millennium Copyright Act (DMCA). We have reviewed the information you referenced, and have concluded that your allegations are baseless.

The information posted at the URLs you referenced appear to be related to the iTunesDB file included on all Apple iPod portable media players. In particular, the posts relate to recent changes made by Apple that make current models of the iPhone and iPod Touch incompatible with third party media management software, such as Winamp, Songbird, and a variety of software designed for Linux and other open source operating systems.

The information posted on the wiki pages does not appear to violate the anti-circumvention provisions of the DMCA for at least five reasons.

First, as your emails acknowledge, the wiki pages in question include only "information," which is to say discussions conducted via text. There is nothing on those pages that could constitute a "technology, product, service, device, component, or part thereof," falling within the scope of the DMCA's anti-circumvention provisions. *See* 17 U.S.C. § 1201(a)(2). While the pages appear to include snippets of illustrative computer code, those expressions fall far short of anything that could come within the scope of the DMCA's ban. In any event, computer code used for expressive purposes has been repeatedly recognized as speech entitled to the protections of the First Amendment. *See, e.g., Junger v. Daley,* 209 F.3d 481 (6th Cir. 2000); *Bernstein v. U.S. Dept. of State,* 974 F. Supp. 1288 (N.D. Cal. 1997).

Second, even assuming *arguendo* that the information in question did fall within the scope of the DMCA, the information is intended to afford iPod owners access to the iTunesDB files on their own devices. These files are authored by each individual in the course of assembling the playlists that define which files are copied from their computer to their iPod. To the extent these files are copyrightable at all, that copyright would

reside with the iPod owner. Accordingly, under the DMCA, iPod owners would be entitled to authorize circumvention of protection measures in order to access their own copyrighted works.

Third, the technical measure being discussed on the Bluwiki pages does not appear to be one that "effectively controls access" to the iTunesDB files within the meaning of 17 U.S.C. § 1201(a)(3)(B). The iPod stores the iTunesDB file in an unencrypted format and can readily be copied and read by other software applications. The only "technical measure" that "protects" the iTunesDB file is a checksum hash that interferes with the ability to write to the iTunesDB file in a manner that permits the iPod owner to "sync" his device to his music library using software other than Apple's own iTunes application. Insofar as this design decision by Apple leaves the contents of the iTunesDB file freely readable, the checksum hash is not an access-control measure protected by § 1201(a). *See Lexmark Int'l v. Static Controls Components*, 387 F.3d 522, 547 (6th Cir. 2004) (DMCA does not apply "where the access-control measure left the literal code or text of the computer program or data freely readable.").

Fourth, the information contained on the Bluwiki pages appears to be "for the purpose of enabling interoperability of an independently created computer program with other programs," and therefore protected by the reverse engineering exemption to the DMCA's anti-circumvention provisions. *See* 17 U.S.C. § 1201(f). Enabling iPods to interoperate with "independently created computer programs" (like gtkpod, Winamp, and Songbird) that compete with Apple's iTunes software would appear to be precisely what the statutory reverse engineering exception was intended to protect.

Fifth, judicial precedents interpreting and applying the DMCA's anti-circumvention provisions have made it clear that circumvention does not fall within the reach of the statute unless it has some nexus with copyright infringement. *See Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307 (Fed.Cir.2005); *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178 (Fed. Cir. 2004). Here, it is difficult to see how efforts to understand the mechanism by which third party applications can "sync" media files to an iPod could possibly foster copyright infringement. The iTunesDB file, to the extent it is copyrighted at all, has no independent economic value. It appears that the individuals that authored the Bluwiki pages are interested in modifying the file to facilitate the creation of interoperable software that can assist the owner of the iPod with her own personal media management needs. Nothing about the iTunesDB file protects any of the media files stored on the iPod, all of which may be freely copied from the iPod in a myriad of ways that involve no circumvention of the iTunesDB checksum hash.

In summary, nothing in the Bluwiki pages that you identified in your November 10 and 13 emails could be construed to violate the DMCA. If you have additional information that we have overlooked, please let us know.

Bluwiki is a public wiki, on which individuals can post information on a variety of topics. Although he administers the site overall, Mr. Odio was not involved in authoring the materials located at the URLs you identified. Mr. Odio, however, takes the free speech

Page 3 of 3

rights of Bluwiki's users seriously.  Accordingly, in the absence of further evidence in support of your allegations, Bluwiki intends to restore the wiki pages in question in ten business days.

Nothing contained in this letter constitutes an express or implied waiver of any rights, remedies or defenses of Mr. Odio or Bluwiki.

Best regards,

Fred von Lohmann, Esq.
Senior Intellectual Property Attorney

EXHIBIT "F"



## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823

TELEPHONE (415) 984-8700
FACSIMILE (415) 984-8701
www.omm.com

NEW YORK
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

December 17, 2008

OUR FILE NUMBER
27559-152

**VIA E-MAIL AND FAX**

WRITER'S DIRECT DIAL
(415) 984-8783

Fred von Lohmann
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

WRITER'S E-MAIL ADDRESS
iramage@omm.com

     Re:    *iTunesDB Project on Bluwiki.com*

Mr. von Lohmann:

     I write in response to your letter of December 3, 2008 regarding my correspondence to Mr. Sam Odio about the iTunesDB-related project on his site Bluwiki.com (the "Project"). Your letter—like your posting on the EFF website and your statements to the media—makes a central mistaken assumption about my client's objection to the Project: that the material posted on Bluwiki relates only to the iTunesDB file. But in fact, a large portion of the posted material also relates to Apple's FairPlay digital rights management (DRM) system and, consequently, violates the DMCA.

     The "memcpy" function reproduced on the Project webpage entitled "itunes obfuscation" is part of the FairPlay DRM library. That function is used by both the iTunesDB signing mechanism and the FairPlay DRM system. Thus, the posting of that function compromises the DRM, which you must surely acknowledge is anti-circumvention technology within the scope of the DMCA. It should not come as a surprise that this code is part of the DRM, because the Project webpage "itunes obfuscation" states that the code protected by the obfuscation schemes being "reversed" may reside in the "fairplay DRM scheme."

     Thus, the publication by the Project of information that can be used to circumvent the FairPlay DRM is a violation of sections 1201(a)(2) and/or 1201(b) of the DMCA. *See Universal City Studios v. Corley*, 273 F.3d 429 (2d Cir. 2001); *Universal City Studios v. Reimerdes*, 111 F.Supp.2d 294, 325 (S.D.N.Y. 2000). Nor do your claims that this is merely "information," or that the posted code has limited "expressive purposes," preclude such a finding. *Reimerdes*, 111 F.Supp.2d. at 332. And because the anti-circumvention technology protects the rights of Apple's content providers in their copyrighted content, the violations have a clear "nexus" with copyright infringement, assuming without conceding that such a nexus is required.

O'MELVENY & MYERS LLP
Fred von Lohmann, Electronic Frontier Foundation, December 17, 2008 – *Page 2*

The publication of the "memcpy" code also infringes Apple's copyrights. The code was published in both assembly and high-level language formats and took up nearly nine pages. This is not merely a "snippet," as you suggest, nor is it simply "illustrative"—it is Apple's code. Nor should this be a surprise, given that the webpage admits that the code, and code like it, was "found [i]n Mac/Windows/iPhone disassemblies"—*i.e.*, disassemblies of the binary code found on Macs, Windows PCs, and iPhones. The publication of this code constitutes direct copyright infringement by your clients and, depending on the extent of their involvement in the Project, may also constitute contributory infringement because its publication provided material assistance to others who have copied or reproduced the code. Because of this direct infringement of Apple's copyrights, moreover, the exemption of section 1201(f) is not applicable. *See* 17 U.S.C. 1201(f)(1).

For the foregoing reasons, Apple requests that the Bluwiki webpages in question remain disabled. Nothing in this letter is intended or shall be construed to be an express or implied waiver of any rights or remedies which Apple may possess in connection with this matter, all of which are hereby expressly reserved. Nor is this letter intended to be a complete recitation of the facts upon which this matter is based.

Sincerely,

*Ian Ramage*

Ian Ramage
for O'MELVENY & MYERS LLP